UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN C. LOON, #882652,

        Petitioner,               Case No. 16-cv-11861
                                                Hon. Matthew F. Leitman

v.

SHERRY L. BURT,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT
OF HABEAS CORPUS (ECF #1), (2) DENYING A CERTIFICATE OF
APPEALABILITY, AND (3) GRANTING LEAVE TO PROCEED *IN
FORMA PAUPERIS* ON APPEAL**

Petitioner Alan C. Loon is a state prisoner in the custody of the Michigan Department of Corrections. On July 9, 2013, a jury in the Wayne County Circuit Court convicted Loon of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(c) (sexual penetration with knowledge or reason to know that the victim is physically helpless) and two counts of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e(1)(c) (sexual contact with knowledge or reason to know that the victim is physically helpless). The state trial court sentenced Loon to concurrent terms of six years three months to 15 years imprisonment and one to two years imprisonment on those convictions. The Michigan Court of

1

Appeals affirmed Loon's conviction, and the Michigan Supreme Court declined to review that decision.

On May 24, 2016, Loon filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) Loon raises a single claim in his petition: that the state trial court erred when it failed to instruct the jury on his mistake of fact defense. The Court has reviewed Loon's petition and concludes that he is not entitled to relief. Therefore, for the reasons stated below, the Court **DENIES** the petition and **DENIES** Loon a certificate of appealability. However, the Court **GRANTS** Loon permission to appeal in *forma pauperis*.

I

Loon's convictions arose from his sexual conduct with a patient at Henry Ford Wyandotte Hospital where he worked as a nurse. The Michigan Court of Appeals described the relevant facts as follows:

> The victim went to the emergency room at Henry Ford Wyandotte Hospital where she was given medications that can make a person very sedated and drowsy. She was admitted to the Intensive Care Unit at the hospital at 1:45 a.m. Defendant, a registered nurse, was assigned to care for her during the nighttime hours. According to the victim, defendant sexually assaulted her while she was in the ICU. The victim testified that while asleep she felt hands on her "stomach going down to her vagina" and felt something inside her vagina. She then felt a mouth on her breast. When asked whether she was awake or alert at that point, she responded, "No." When asked if she gave anyone permission to put their mouth on her breast, she said, "[a]bsolutely not." According to the victim, she then

> felt someone take her hand and put it on what she believed to be "a penis and like masturbating." When asked whether she gave anyone permission to move her hand in this way, she responded, "No." The victim stated that she could see a name tag on the perpetrator that read, "RN Alan."
>
> Defendant testified that the sexual contact with the victim was consensual. He stated that the victim pulled him toward her and he licked her breast. He then started touching her vagina and she held and stroked his penis. He testified that the victim was alert and receptive. Defendant stated that the victim asked him to come into the bed with her, but he declined because at that point he felt bad for his kids and wife.

*People v. Loon*, 2014 WL 6088673, at *1 (Mich. Ct. App. Nov. 13, 2014).

Following his convictions and sentencing, Loon filed an appeal of right with the Michigan Court of Appeals asserting that the trial court when it failed to instruct the jury on his mistake of fact defense. The state appellate court denied relief on that claim and affirmed Loon's convictions. *See id*. at ** 1-2. Loon then filed an application for leave to appeal with the Michigan Supreme Court. That court denied Loon's application "because [it was] not persuaded that the questions presented should be reviewed." *People v. Loon*, 866 N.W.2d 416 (Mich. 2015).

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

### III

Loon asserts that he is entitled to federal habeas relief because the state trial court erred when it failed to instruct the jury on his mistake of fact defense.[1] Loon insists that a mistake of fact instruction was essential because to convict a defendant

---

[1] Respondent argues that the Court should not review this claim because it is procedurally defaulted. However, federal courts "are not required to address a procedural-default issue before deciding against [a habeas] petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Court will therefore proceed to the merits of Loon's claim.

4

of criminal sexual conduct under Michigan law, there must be proof that the defendant knew or has reason to know of the victim's mental or physical incapacity.

The Michigan Court of Appeals reviewed this claim on direct appeal and rejected it:

> With regard to both the CSC III and CSC IV offenses, the trial court instructed the jury that an element of each crime was "that defendant knew or should have known that [the victim] was physically helpless at the time of the alleged act." These instructions are consistent with § 520d(1)(c), which provides that a defendant is guilty of CSC III if he engages in sexual penetration with the victim if the defendant "knows or has reason to know that the victim is ... physically helpless," and § 520e(1)(c), which provides that a defendant is guilty of CSC IV if he engages in sexual contact with the victim if the defendant "knows or has reason to know that the victim is ... physically helpless." By including the "knows or has reason to know" language, the Legislature intended to eliminate liability where the physical helplessness is not apparent to a reasonable person. *People v. Davis*, 102 Mich. App 403, 407; 301 NW2d 871 (1980). *See also People v. Cash*, 419 Mich. 230, 241; 351 NW2d 822 (1984) (explaining that "the Legislature specifically provided for the defense of a reasonable mistake of fact by adding the language that the actor 'knows or has reason to know' of the victim's condition where the prior statute contained no requirement of intent"). An additional mistake of fact instruction would not have changed the outcome of the case. Therefore, there was no plain error that affected defendant's substantial rights.

*Loon*, 2014 WL 6088673 at ** 1-2.

Loon has not shown that the Michigan Court of Appeals committed an error that warrants habeas relief. As an initial matter, it appears that the state appellate court's decision rested on state law. More specifically, that court evaluated whether the trial court's instructions properly communicated to the jury the elements of the state-law crimes for which Loon was on trial, and the appellate court held that the instructions accurately informed the jury as to what it had to find beyond a reasonable doubt in order to convict Loon. "Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law," like the Michigan Court of Appeals' decision that Loon challenges here, "does not entitle a habeas claimant to relief." *Rashad v. Laffler*, 675 F.3d 564, 569 (6th Cir. 2012). "The exception is when the instruction is so flawed as a matter of state law as to infect the entire trial in such a way that the conviction violates federal due process." *Id.* (internal punctuation omitted.) Loon has not met this burden here. It was not unreasonable for the Michigan Court of Appeals to conclude that the instructions conveyed to the jury that in order to convict him, the jury needed to find that he had knowledge of the victim's condition. Nor has Loon shown that any error the state court may have made with respect to the jury instructions rendered his trial fundamentally unfair.

If and to extent the Michigan Court of Appeals' ruling does implicate a question of federal constitutional law, Loon has not shown that the state appellate court unreasonably applied clearly established federal law. Loon cites a number of Supreme Court cases in support of his petition, but none support the issuance of habeas relief here. For example, in *Boyd v. United States*, 271 U.S. 104 (1926), the appellant did not challenge the jury instructions on constitutional grounds. *Cool v. United States*, 409 U.S. 100 (1972), is inapposite because it did not involve a challenge to a trial court's instruction on a state-law defense. And in *Cupp v. Naughten*, 414 U.S. 141 (1973), the Supreme Court concluded that the challenged jury instructions *did not* violate the habeas petitioner's due process rights. None of these decisions cast any serious doubt on the decision by the Michigan Court of Appeals. Loon's citation of these decisions does not persuade the Court that the state court unreasonably applied clearly established federal law.

**IV**

For the reasons stated above, the Court concludes that Loon is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** Loon's petition for a writ of habeas corpus.

Before Loon may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court concludes that Loon has failed to demonstrate that jurists could conclude the issues presented here are adequate to deserve encouragement to proceed further. Accordingly, the Court **DENIES** a certificate of appealability.

Although this Court has denied Loon a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* ("IFP") is lower than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *See Foster* at 764-65; see also 28 U.S.C. § 1915(a)(3); Fed. Rule App. Proc. 24(a). Although jurists of reason could not debate this Court's resolution of Loon's claims, the issues Loon raises are not frivolous. Therefore, Look could appeal this

Court's decision in good faith. The Court therefore **GRANTS** Loon leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764